# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRANDON JARRELL,** <br> 5775 Tacoma Rd., Apt. E, <br> Columbus, OH 43229, <br><br> and <br><br> **CLARE VESEL,** <br> 4565 Bayshire Rd., <br> Groveport, OH 43125, <br><br> and <br><br> **KELSEY HYDE**, <br> 3437 Cardston Pl., <br> Columbus, OH 43232, <br><br> and <br><br> **ASHANTI TOWNS,** <br> 3270 Waverly Court, <br> Columbus, OH 43227, <br><br> and <br><br> **LAUREN ASHLEY BAILEY,** <br> 3950 Parkmead Dr., Apt. 106, <br> Grove City, OH 43123, <br><br> and <br><br> **LADONNA DOLBY,** <br> 431 Maplewood Ave., <br> Whitehall, OH 43213, <br><br> **Plaintiffs, for themselves and all others similarly situated,** <br><br> v. <br><br> **TASTE, INC., d/b/a VINO VOLO,** <br> c/o Statutory Agent: | Case No.: 2:23-cv-725 <br><br> JUDGE: <br><br> MAGISTRATE JUDGE <br><br> **Jury Demand Endorsed Hereon** |

| | |
|---|---|
| Corporation Service Company, | : |
| 3366 Riverside Drive, Suite 103, | : |
| Upper Arlington, OH 43221, | : |
| | : |
| **Defendant.** | : |

## COLLECTIVE ACTION COMPLAINT

NOW COME Plaintiffs Brandon Jarrell, Clare Vesel, Kelsey Hyde, Ashanti Towns, Lauren Ashley Bailey, and LaDonna Dolby (referred to collectively herein as "Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendant Taste, Inc., d/b/a Vino Volo ("Defendant").

## CASE SUMMARY

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("OMFWSA"). Plaintiffs bring this case as a collective action under the FLSA, 29 U.S.C. § 216(b) and pursuant to the OMFWSA, R.C. § 4111.14(K)(2).

2. Defendant Taste, Inc., d/b/a Vino Volo pays their tipped employees below the federal and Ohio minimum wage by taking advantage of the FLSA and OMWFSA's tip credit provisions.

3. Under these provisions, an employer of a tipped employee may, under certain circumstances, pay those employees less than the applicable minimum wage by taking a tip credit against the employer's minimum wage obligation.

4. However, an employer may not pay less than the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation.

2

5. Additionally, an employer may not require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek.

6. Defendant has violated the FLSA and OMWFSA in both ways:

   a. **Violation for performing work unrelated to tipped occupation**: Plaintiffs and the putative class were required to perform non-tipped work, including but not limited to: dusting; sweeping; mopping; wiping down dishwasher grates; wiping down walls; preparing food (e.g., cutting cheese, seasoning and portioning chicken); making all food; restocking retail (including wine bottles & cleaning supplies); assisting General Manager with conducting inventory (food & wine); printing menus; making and printing tasting notes; making bottle tags for wine bottles; taking out trash; receiving food and wine deliveries at airport docks and stocking food and wine after deliveries; organizing storage locker with excess supplies; and completing end-of-shift paperwork (e.g., collecting receipts, calculating cash tips, etc.); among other things. For this work, Plaintiffs and the putative class were not paid at a rate of at least minimum wage for all hours worked.

   b. **Violation for performing non-tipped supporting side work that exceeded 20% of the time spent working in a workweek**: Plaintiffs and the putative class were required to spend greater than 20% of their time performing non-tipped producing supporting side work, including, but not limited to: polishing glassware, polishing silverware and loading into silverware holders; wiping down counters; cleaning cutting boards; bussing tables and loading dishwashers; among other things. For this work, Plaintiffs and the putative class were not paid at a rate of at least minimum wage for all hours worked.

7. As a result of these violations, Defendant lost the right to utilize the tip credit for its employees and therefore must compensate Plaintiffs and the putative class at the full minimum wage rate for all hours worked.

8. Defendant must also compensate Plaintiffs and the putative class at one and one-half times the full minimum wage rate for all overtime hours worked in excess of 40 in a workweek.

9. Upon information and belief, beginning on or around January 1, 2023, Defendant began to properly pay the putative class at a rate of no less than the federal and Ohio minimum wage for every hour worked.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

11. This Court has jurisdiction over Named Plaintiffs' claims under the laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

12. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Southern District of Ohio and Plaintiffs performed work in and/or reside in the Southern District of Ohio.

## THE PARTIES

13. Plaintiff Brandon Jarrell is an individual and a resident of the state of Ohio. Plaintiff Jarrell resides in Franklin County, Ohio.

14. Plaintiff Clare Vesel is an individual and a resident of the state of Ohio. Plaintiff Vesel resides in Franklin County, Ohio.

15. Plaintiff Kelsey Hyde is an individual and a resident of the state of Ohio. Plaintiff Hyde resides in Franklin County, Ohio.

16. Plaintiff Ashanti Towns is an individual and a resident of the state of Ohio. Plaintiff Towns resides in Franklin County, Ohio.

17. Plaintiff Lauren Ashley Bailey is an individual and a resident of the state of Ohio. Plaintiff Bailey resides in Franklin County, Ohio.

18. Plaintiff LaDonna Dolby is an individual and a resident of the state of Ohio. Plaintiff Dolby resides in Franklin County, Ohio.

19. Defendant Taste, Inc. d/b/a Vino Volo is a California Corporation registered to do business in Ohio and conducting business in the Southern District of Ohio.

20. Upon information and belief, Defendant's headquarters is in Atlanta, Georgia.

21. At all times relevant herein, the Named Plaintiffs were employees of Defendant's as defined by the FLSA and O.R.C. Chapter 4111.

22. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect unpaid minimum wages and overtime wages under the FLSA and OMFWSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b) and OMFWSA, R.C. 4111.14. (Attached as Exhibit A).

23. Defendant is and has been Plaintiffs' "employer" as that term is defined by the FLSA and O.R.C. Chapter 4111.

24. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

25. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant had annual gross volume sales and/or business in an amount not less than $500,000.00 during each the three years preceding this Complaint.

**FACTUAL BACKGROUND**

26. Defendant Taste, Inc., d/b/a Vino Volo is a restaurant and wine bar with locations in more than thirty (30) airports across the United States and Canada.

5

27. Of relevance to this action is Defendant's restaurant and wine bar located in the John Glenn International Airport, located at 4600 International Gateway, Terminal A, Gate A4, Columbus, Ohio 43219 (hereinafter referred to as Defendant's "Columbus location").

28. Defendant's Columbus location offers lunch, dinner, and small plate food menus, in addition to its wine and other beverage offerings.

29. Defendant employs servers, which it refers to as "associates."

30. Servers are given one of three titles: Associate, Wine Associate, or Senior Wine Associate. Titles are determined by the extent of wine education the employee has completed.

31. During the previous three years, Associates, Wine Associates, and Senior Wine Associates (hereinafter collectively referred to as "Associates") were paid less than the federal minimum wage of $7.25 per hour and less than the Ohio minimum wage until on or about January 1, 2023.

32. Defendant purportedly utilized the tip credit to meet its minimum wage obligation to its Associates.

33. With the assistance of a General Manager, Defendant's Associates are responsible for the complete day-to-day operation of the restaurant and wine bar.

34. Plaintiff Brandon Jarrell has been employed with Defendant in various Associate roles beginning in or around April 2015. Plaintiff Jarrell is currently employed with Defendant. Until approximately January 1, 2023, Plaintiff Jarrell was paid less than the minimum wage.

35. Plaintiff Clare Vesel was employed with Defendant in the role of Associate between approximately March 2019 and May 2021. Plaintiff Vesel was paid less than the minimum wage.

36. Plaintiff Kelsey Hyde was employed with Defendant in the role of Associate between approximately February 2019 and March 2022, and then again between approximately September 2021 and December 2021. Plaintiff Hyde was paid less than the minimum wage.

37. Plaintiff Ashanti Towns has been employed with Defendant in the role of Associate beginning in or around October 2021. Plaintiff Towns is currently employed with Defendant. Until approximately January 1, 2023, Plaintiff Towns was paid less than the minimum wage.

38. Plaintiff Lauren Ashley Bailey has been employed with Defendant in the role of Associate beginning in or around April 2021. Plaintiff Bailey is currently employed with Defendant. Until approximately January 1, 2023, Plaintiff Bailey was paid less than the minimum wage.

39. At all times relevant herein, Defendant maintained a policy and practice whereby its Associates were required to perform non-tip producing work unrelated to Associates' tipped occupation.

40. As a result, Plaintiffs and the putative class were engaged in dual occupations while being compensated at the tip credit rate of pay.

41. While performing these non-tip generating duties, Associates did not interact with customers and could not earn tips. These duties include, but are not limited to, dusting; sweeping; mopping; wiping down dishwasher grates; wiping down walls; preparing food (e.g., cutting cheese, seasoning and portioning chicken); making all food; restocking retail (including wine bottles & cleaning supplies); assisting General Manager with conducting inventory (food & wine); printing menus; making and printing tasting notes; making bottle tags for wine bottles; taking out trash; receiving food and wine deliveries at airport docks and stocking food and wine after

7

deliveries; organizing storage locker with excess supplies; and completing end-of-shift paperwork (e.g., collecting receipts, calculating cash tips, etc.); among other things.

42. Defendant also maintained a policy and practice whereby Associates were required to spend well beyond 20 percent of their time performing non-tip-producing supporting side work related to their tipped occupation.

43. These duties included, but were not limited to, polishing glassware, polishing silverware and loading into silverware holders; wiping down counters; cleaning cutting boards; bussing tables and loading dishwashers; among other things.

44. Defendant expected all Associates to perform all duties, as needed.

45. However, Defendant did not pay their Associates the full minimum wage rate for this work.

46. Defendant did not track or record the amount of time Associates spent performing non-tipped work.

47. Because Defendant violated the requirements to claim the tip credit with respect to its tipped employees, Defendant lost the right to take a tip credit toward their minimum wage obligations to Plaintiffs and the putative class.

48. Accordingly, Plaintiff and the putative class were not compensated at the proper federal and Ohio minimum wage.

49. Oftentimes Associates worked in excess of 40 hours per week. However, Associates were not paid an overtime premium at a rate of one and one-half times their regular rates of pay for hours worked in excess of 40 per week.

50. Defendant knew or should have known that its policies and practices violated the law.

51. Defendant did not make a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law, carried out its illegal pay policies and practices.

52. Defendant's policies and practices were not based on a good faith and reasonable belief that its conduct complied with the law.

**COUNT I**
**FLSA Collective Action, 29 U.S.C. §201,** *et seq.*
**Failure to Pay Minimum Wage**

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative collective action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

> **All current and former employees of Defendant's, who were paid on an hourly basis during the three (3) years prior to the date of filing this Complaint through January 1, 2023 (hereinafter referred to as "FLSA Minimum Wage Class").**

55. Defendant subjected Named Plaintiffs and the FLSA Minimum Wage Class to the same pay policies and procedures by improperly utilizing the tip credit to pay its tipped employees less than the required minimum wage. Defendant improperly required tipped employees to perform non-tip producing tasks unrelated to their tipped occupations and excessive non-tip producing tasks related to their tipped duties.

56. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage compensation withheld in violation of the FLSA. Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

57. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

58. In addition to the Named Plaintiffs, numerous putative FLSA Minimum Wage Class members have been denied proper compensation due to Defendant's improper use of the tip credit to pay its employees less than the applicable minimum wage.

59. Named Plaintiffs and the SSPs were paid on an hourly basis.

60. Named Plaintiffs and the SSPs were non-exempt employees.

61. Named Plaintiffs and the SSPs were entitled to be paid at a rate of no less than the applicable minimum wage for all hours worked.

62. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether its actions violated the law.

63. Accordingly, Named Plaintiffs and the SSPs were forced to work without proper compensation for every hour worked. As a result, Plaintiffs and the SSPs have been damaged.

## COUNT II
### OMFWSA Collective Action, R.C. 4111, *et seq*.
### Failure to Pay Minimum Wage

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. Plaintiffs bring their Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to R.C. § 4111.14, as a representative collective action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

> **All current and former employees of Defendant's, who were paid on an hourly basis during the two (2) years prior to the date of filing this**

**Complaint through January 1, 2023 (hereinafter referred to as "OMFWSA Class").**

66. Defendant subjected Named Plaintiffs and the OMFWSA Class to the same pay policies and procedures by improperly utilized the tip credit to pay its tipped employees less than the required minimum wage. Defendant improperly required tipped employees to perform non-tip producing tasks unrelated to their tipped occupations and excessive non-tip producing tasks related to their tipped duties.

67. This action is brought as an "opt-in" action pursuant to R.C. § 4111.14 as to claims for minimum wage compensation withheld in violation of the OMFWSA. Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

68. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to R.C. § 4111.14, for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorneys' fees and costs under the OMFWSA.

69. In addition to the Named Plaintiffs, numerous putative OMFWSA Minimum Wage Class members have been denied proper compensation due to Defendant's improper use of the tip credit to pay its employees less than the applicable minimum wage.

70. Named Plaintiffs and the SSPs were paid on an hourly basis.

71. Named Plaintiffs and the SSPs were non-exempt employees.

72. Named Plaintiffs and the SSPs were entitled to be paid at a rate of no less than the applicable minimum wage for all hours worked.

73. For Defendant's violations of R.C. 4111.02, OMFWSA Class members are entitled to recover unpaid wages, plus an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

### COUNT III
### FLSA Collective Action, 29 U.S.C. §201, *et seq*.
### Failure to Pay Overtime

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

> **All current and former employees of Defendant's, who were paid on an hourly basis and worked more than 40 hours in any workweek during the three (3) years prior to the date of filing this Complaint through January 1, 2023 (hereinafter referred to as "FLSA OT Class").**

76. Defendant subjected Named Plaintiffs and the FLSA OT Class to the same pay policies and procedures by failing to pay them for all hours worked in excess of 40 hours per workweek at a rate of no less than one and one-half times the applicable minimum wage.

77. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

78. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

79. In addition to the Named Plaintiffs, numerous putative FLSA OT Class members have been denied proper overtime compensation due to Defendant's company-wide refusal to pay putative FLSA OT Class members at the proper overtime premium for all hours worked in excess of 40 per week.

80. Named Plaintiffs and the SSPs were paid on an hourly basis.

81. Named Plaintiffs and the SSPs were non-exempt employees.

82. Named Plaintiffs and the SSPs worked more than 40 hours per workweek during the statute of limitations period.

83. Named Plaintiffs and the SSPs were not paid overtime at the proper rate of pay for all hours worked in excess of 40 in each workweek.

84. Defendant was aware that Named Plaintiffs and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at the proper rate of pay for all hours worked in excess of 40 per week.

85. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether its actions violated the law.

86. Accordingly, Named Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiffs and the SSPs have been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs are entitled to and pray for the following relief:

   A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA Minimum Wage Class; enter an order directing Defendant to pay into a common fund for the benefit of

Named Plaintiffs and all other members of the FLSA Minimum Wage Class the total amount of damages to which Named Plaintiffs and the class are entitled, including unpaid wages, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the OMFWSA Minimum Wage Class; enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the OMFWSA Minimum Wage Class the total amount of damages to which Named Plaintiffs and the class are entitled, including unpaid wages, treble damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the OMFWSA; and such other or additional relief deemed appropriate by the Court and available under the OMFWSA.

C. As to Count III, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA OT Class; enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the FLSA OT Class the total amount of damages to which Named Plaintiffs and the class are entitled, including unpaid wages, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the

litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

D. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Carrie J. Dyer* _____
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Carrie J. Dyer* _____
Carrie J. Dyer (0090539)